Alvarez Carguachi v. Bondi

BIA
Cassin, IJ
A208 454 776

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

CECILIA ALVAREZ CARGUACHI,
> *Petitioner,*

v.                                                    **23-6682**
                                                      **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director, Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cecilia Alvarez Carguachi, a native and citizen of Ecuador, seeks review of a May 26, 2023 decision of the BIA that affirmed an August 13, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cecilia Alvarez Carguachi*, No. A208 454 776 (B.I.A. May 26, 2023), *aff'g* No. A208 454 776 (Immigr. Ct. N.Y.C. Aug. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings under the substantial evidence standard and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary."

8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to show either past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). Contrary to Alvarez Carguachi's argument here, this "one central reason" standard applies to both asylum and withholding. *See Quituizaca*, 52 F.4th at 109–14. Where, as here, an applicant asserts a claim based on particular social group, the applicant has the burden to show both that the social group is cognizable and that it was or will be a reason for the harm suffered or feared. *See Paloka v. Holder*, 762 F.3d 191, 196, 199 (2d Cir. 2014). A cognizable group is one "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). The protected ground "cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th

3

752, 757 (2d Cir. 2022). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the [protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

In briefing before this Court, Alvarez Carguachi does not raise arguments concerning her original proposed social group—indigenous women who are unable to leave their relationship because of threats of community punishment and community values—nor does she assert race as a basis for her persecution. None of her arguments about particularity or social distinction address evidence specific to indigenous women or to community values and punishment that prevent indigenous women from leaving relationships. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 2715 (2024). Because Alvarez Carguachi does not argue her asylum and withholding claims based on her originally proposed social group or her race, such claims have been abandoned, and we will not address them here.

4

Instead, Alvarez Carguachi proffers a broader social group of Ecuadorian women (not limited to indigenous women) unable to leave their relationships, and asserts that the Ecuadorian authorities do not do enough to protect women from domestic violence. The BIA declined to consider this group definition because it was not proposed to the IJ. "Where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised before the IJ, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (internal quotation marks and alterations omitted). "[T]his Court's review is limited to whether the BIA erred in deeming the argument waived." *Id.* at 555–56. Asylum applicants are required to articulate their proposed social groups before the IJ in the first instance. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (B.I.A. 2018). Alvarez Carguachi does not acknowledge or challenge the BIA's refusal to consider the new delineation of her social group. *See Prabhudial*, 780 F.3d at 555–56. In sum, she has abandoned both her original group and the BIA's decision not to address her new group.

As to CAT relief, Alvarez Carguachi argues only that the agency applied the wrong standard—the acquiescence standard, rather than an unable or unwilling to protect standard. A CAT applicant has the burden to show that she will "more likely than not" be tortured in the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). The regulations that govern CAT claims provide that torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . *by, or at the instigation of, or with the consent or acquiescence of, a public official*." *Id.* § 1208.18(a)(1) (emphasis added). Unlike asylum and withholding of removal, which require a petitioner to show that the government is unable or unwilling to protect them from persecution by non-state actors, CAT relief requires a showing that the government will likely consent or acquiesce to torture. *See Scarlett v. Barr*, 957 F.3d 316, 335–36 (2d Cir. 2020) (distinguishing between these standards). Alvarez Carguachi has otherwise abandoned her CAT claim because she does not challenge (and did not challenge before the BIA) the agency's dispositive finding that she did not establish that she would more likely than not be tortured if she returned to Ecuador. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (holding that claims for relief not argued before either the BIA or this Court are deemed abandoned); *see also Debique*,

6

58 F.4th at 684.   This finding is dispositive because a CAT applicant must show both that torture is more likely than not and government acquiescence.   *See Garcia-Aranda*, 53 F.4th at 758–59.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court